# In the United States Court of Federal Claims

No. 25-111
(Filed: February 4, 2025)

```
*****************************
JANE DOE,                         *
                                  *
                      Plaintiff,  *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                      Defendant.  *
*****************************
```

### DISMISSAL ORDER

      "A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (alteration in original). *Pro se* plaintiff Jane Doe, who wishes to remain anonymous, has not asserted any discernible claim that falls within the jurisdiction of the United States Court of Federal Claims. Accordingly, her complaint must be **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

      Although allegations by *pro se* plaintiffs are to be construed liberally under a "less stringent standard," *pro se* plaintiffs still bear the burden of establishing jurisdiction. *Ash v. United States*, 170 Fed. Cl. 761, 767 (2024); *Greene v. United States*, No. 22-1064, 2023 WL 3072565, at *3 (Fed. Cl. Apr. 25, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Tucker Act provides this Court with jurisdiction over "any claim for money damages against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish subject-matter jurisdiction in this Court, a plaintiff must identify a "substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Thomas v. United States,* 155 Fed. Cl. 772, 775-76 (2021) (internal quotation marks omitted). Additionally, the Court has no jurisdiction over claims where "the relief sought is against others than the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

      In this case, the Court cannot identify any sources of law that grant this Court subject-matter jurisdiction over plaintiff's claims. From what the Court can discern from the complaint,

plaintiff alleges a variety of claims, including violations of constitutional rights, several torts, and criminal conduct on the part of private individuals, government officials, and several states, among others. *See* [ECF 1] at 30-42. Additionally, plaintiff seeks relief pursuant to "18 U.S.C. section 3771, Crime Victims Bill of Rights Act of 2004," "remedies available to parties harmed in their small business ownership status," and civil damages. [ECF 1] at 66. No such claims or requests for relief establish subject-matter jurisdiction in this Court.

This Court does not have jurisdiction to hear claims regarding torts; violations of the federal criminal code; or violations of the 4th, 8th, 13th, or 14th amendments to the United States Constitution. *See Rick's Mushroom Serv.*, 521 F.3d at 1343 (stating that this Court lacks jurisdiction over tort claims); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); *LeChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (stating that the Fourth Amendment is not a money-mandating source of law); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quotation marks omitted); *Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022) ("As the Thirteenth Amendment is not money-mandating, this Court clearly lacks subject matter jurisdiction over Plaintiff's claims alleging a violation of the Thirteenth Amendment."); *Gump v. United States*, 482 F. App'x 588, 590 (Fed. Cir. 2012) (finding that "claims based on the Fourth, Fifth, Sixth, and Fourteenth Amendments also are outside the Court of Federal Claims'[] jurisdiction because those constitutional amendments are not money mandating"). Moreover, this Court's jurisdiction "only extends to suits against the United States itself." *Pauly v. United States*, 142 Fed. Cl. 157, 159 (2019) (quoting *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014)). The Court, therefore, lacks jurisdiction over "any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Id.* Lastly, with respect to plaintiff's request for review under the Crime Victims' Rights Act ("CVRA"), "[t]he statute and precedent in this Court make it clear that the CVRA is not money-mandating for purposes of Tucker Act jurisdiction." *Turpin v. United States*, 119 Fed. Cl. 704, 708 (2015). In sum, because plaintiff's complaint does not identify a "substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States," *Thomas,* 155 Fed. Cl. at 775-76 (internal quotation marks omitted), plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3).

Additionally, to proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed Application to Proceed *In Forma Pauperis* ("IFP Application"). *See* 28 U.S.C. §§ 1914, 1915. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A plaintiff does not have to be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Upon review of plaintiff's IFP application, the Court finds that requiring the payment of the full filing fee would present considerable hardship. Plaintiff's IFP application indicates that she is currently unemployed and

that her debts and expenses exceed her financial income. *See* [ECF 5] at 1-2. Accordingly, the Court **GRANTS** plaintiff's IFP application, [ECF 5].

    **IT IS SO ORDERED.**

                                                                                  s/ Thompson M. Dietz  
                                                                                  THOMPSON M. DIETZ, Judge